# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2022

Lyle W. Cayce
Clerk

No. 21-60012
Summary Calendar

Gabriel Kengni Noumbissi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 327 760

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Gabriel Kengni Noumbissi, a native and citizen of Cameroon, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the immigration judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

relief under the Convention Against Torture (CAT). The IJ determined that Noumbissi was not credible; the BIA determined that the IJ had not erred in making an adverse credibility finding, and, on the basis of the adverse credibility determination, upheld the IJ's denial of asylum, withholding of removal, and relief under the CAT. As discussed below, the petition for review is denied with respect to the claims for asylum and withholding of removal, and the CAT claim is remanded for further consideration.

Noumbissi argues that, due to errors made by the IJ, the BIA should not have affirmed the IJ's adverse credibility determination. He first attacks several of the discrete findings underlying the IJ's credibility determination. He concedes that there were inconsistencies between his testimony and the affidavit provided by his sister, but he asserts that this concerns a tangential issue that should not be the basis for an adverse credibility finding.

Despite Noumbissi's argument to the contrary, "[t]he factfinder may rely on any inconsistency or omission to determine that the petitioner is not credible in light of the totality of the circumstances, regardless of whether the inconsistency or omission goes to the heart of the applicant's claim." *Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020). Further, "discrepancies among an alien's [credible fear interview], other records, and testimony can be considered in deciding credibility." *Id.* at 765. Although Noumbissi offered explanations for some of the inconsistencies, the BIA was not required to accept those explanations, even if they were plausible. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 438-39 (5th Cir. 2020).

Here, the adverse credibility determination was supported by "specific and cogent reasons derived from the record." *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (internal quotation marks and citation omitted). Noumbissi has failed to demonstrate that it is clear from the totality of the circumstances that no reasonable factfinder could make an adverse credibility

ruling in his case. *See Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009). Thus, the adverse credibility determination is supported by substantial evidence. *See id.* at 536-40.

Without credible evidence, the BIA had no basis to grant asylum or withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Accordingly, we will not disturb the agency's denial of these claims. The petition for review is therefore denied with respect to the claims for asylum and withholding of removal.

As to his CAT claim, Noumbissi argues that the BIA erred by relying solely on the adverse credibility determination and failing to consider the documentary evidence. The Attorney General asserts that the denial of the CAT claim based on the adverse credibility determination was not erroneous.

We recently held that the BIA erred by treating an adverse credibility determination as dispositive of a CAT claim where the alien identified "non-testimonial evidence that could independently establish his entitlement to CAT relief." *Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021) (quotation at 598). Here, as he did in his appeal to the BIA, Noumbissi points to documentary evidence concerning the use of torture in Cameroon. There is no indication in the record that the BIA took such evidence into account in deciding Noumbissi's CAT claim, and the failure to do so was error. *See id.* In view of the foregoing, we remand the petition as to the CAT claim so that the agency may consider the relevant evidence in the first instance. *See id.* at 599.

PETITION FOR REVIEW DENIED IN PART AND REMANDED IN PART.